USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JAN 2 4 2020

RECEIVED
JAN 29 2020
JUDGE KAPLAN'S CHAMBERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X
: 
UNITED STATES OF AMERICA :
:
  - v -  : PROTECTIVE ORDER
:
DONALD LAGUARDIA, : 19 Cr. 893 (LAK)
:
               Defendant. :
:
- - - - - - - - - - - - - - - - - - X

Upon the application of the United States of America, with the consent of the undersigned counsel, pursuant to Federal Rule of Criminal Procedure 16(d), and for good cause shown,

IT IS HEREBY ORDERED THAT:

1. All materials, including documents, electronic data, and audio/visual materials, provided by the Government to the defense in this action pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Title, 18 United States Code, Section 3500; Brady v. Maryland; or United States v. Giglio, with the exception of materials that are otherwise publicly available, are considered "Confidential Information."

2. Confidential Information disclosed to the defendants or to their counsel in this case during the course of proceedings in this action:

(a) Shall be used by the defendant and his counsel only for purposes of defending this criminal action;

(b) Shall not be disclosed in any form by the defendant or his counsel except as set forth in paragraph 2(c) below; and

(c) May be disclosed by the defendant or his counsel in this action only to the following persons (hereinafter "Designated Persons"):

  i. investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defendants' attorneys;

  ii. independent expert witnesses, investigators or expert advisors retained — pursuant to a written retainer agreement — in connection with this action;

  iii. prospective witnesses to the extent deemed necessary by defense counsel for trial preparation, except that Confidential Information may only be shown to, and not retained by, prospective witnesses; and

  iv. such other persons as hereafter may be authorized by agreement, in writing, of the parties or by the Court upon the defendants' motion.

3. Confidential Information disclosed to the defendant or to his counsel during the course of proceedings in this action, including any and all copies made of said material, shall, at the conclusion of this matter, either be returned to the Government or shredded and destroyed. This matter will be concluded upon expiration of the period for direct appeal from any verdict in the above-captioned case, the

period of direct appeal from any order dismissing any of the charges in the above-captioned case, or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is latest.

4. The defendant and his counsel shall provide a copy of this Order to Designated Persons to whom they disclose confidential information pursuant to paragraphs 2(c)(i), (ii) and (iii). Designated Persons shall be subject to the terms of this Order and shall sign an acknowledgment, to be retained by defense counsel, indicating that they have received and reviewed the terms of this Order and understand that they are bound by it before being provided with, shown, or read the contents of any materials produced pursuant to terms of this Order.

5. The defendant and his counsel will not attach any materials produced pursuant to this Order to any public filings with the Court or publicly disclose any such materials, or their contents in any other manner, without prior notice to the Government. If such prior notice is not practicable, the defendant and his counsel shall exclude Confidential Information, and references thereto, from public filings or public disclosures pending consultation between the parties. If the defense and the Government cannot agree on the manner in

which the documents or their contents may be publicly disclosed, the parties shall seek resolution of such disagreements by the Court. Nothing in this paragraph shall be construed to prevent defendant and his counsel from filing Confidential Information under seal or providing it directly to the Court in a sealed envelope.

6. If any dispute should arise between the parties to this action as to whether any documents, materials or other information is Confidential Information subject to the provisions of this Order, such documents, materials and information shall be considered Confidential Information pending further Order of this Court.

7.  The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing or trial held in this action or to any District Judge or Magistrate Judge of this Court for purposes of this action. Nor shall the provisions of this Order be construed as preventing disclosure of any information in the public domain or information obtained independently from the sources described in Paragraph 1.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____          Date:    1/8/2020
    Daniel M. Loss
    Assistant United States Attorney

    _____          Date:    _____
    Paul Batista, Esq.
    Counsel for Donald Laguardia

SO ORDERED:

Dated:   New York, New York
         January 24, 2020

         _____
         HON. LEWIS A. KAPLAN
         UNITED STATES DISTRICT JUDGE

5